IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BIOMET 3i, LLC. and ZIMMER US, INC., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>HEATHER LAND, )<br>)<br>Defendant. ) | Case No.:_____ |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY, PRESERVATION OF EVIDENCE, AND EVIDENTIARY HEARING ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Biomet 3i, LLC and Zimmer US, Inc. (collectively referred to herein as "Zimmer Biomet"), by counsel, hereby requests this Court order expedited discovery, enter an order directing the parties to preserve all evidence relevant to Zimmer Biomet's Complaint for Preliminary Injunction, Permanent Injunction, and Damages, and set a date for an evidentiary hearing based on all available and discoverable facts as soon as possible. This matter warrants early discovery and expedited handling due to the continuing and ongoing harm being incurred by Zimmer Biomet. In further support, Zimmer Biomet states:

1. Zimmer Biomet is filing this Motion contemporaneously with the filing of its Complaint for Preliminary Injunction, Permanent Injunction and Damages ("Complaint") and Motion for Preliminary Injunction and its supporting brief.

2. Zimmer brings this action as a result of Defendant Heather Land's ("Land") blatant breach of her November 12, 2015 Confidentiality, Non-Competition and Non-Solicitation Agreement for Sales Managers and Representatives (the "Agreement") and her attempt to capitalize on the confidential and proprietary information she gained as a former Biomet 3i, LLC Regional Sales Manager and Zimmer Biomet Corporate Sales Specialty Manager.

3. Keystone is a direct competitor of Zimmer Biomet, and Land is now employed by Keystone in the same or a substantially similar capacity as she worked for Zimmer Biomet, in the same or a substantially similar geographical territory, and intends to market and promote products directly competitive to the products she marketed and promoted at Zimmer Biomet. Land's employment with Keystone violates the restrictive covenants contained within her Agreement.

4. Land's current employment places her in a capacity where Zimmer Biomet's confidential information, necessarily involving multiple competing products and customers, is being put to use in clear breach of the Agreement. Zimmer Biomet is seeking immediate relief in the form of a preliminary injunction, *inter alia*, to prevent the ongoing and significant harm to Zimmer Biomet caused by Land's breaches, which is critical to protect Zimmer Biomet's confidential and proprietary information, to prevent the loss of long-standing customer relationships, and to prevent the loss of goodwill in amounts which may be impossible to determine.

5. Zimmer Biomet now requests that the issues raised in its Motion for Preliminary Injunction and brief in support thereof be expeditiously addressed, and hereby asks that this Court schedule an evidentiary hearing to be conducted on the Motion. Counsel estimates that two days are reasonably required for such an evidentiary hearing.

6. Because this matter warrants expedited handling due to the continuing and ongoing harm Zimmer Biomet faces, Zimmer Biomet also seeks an order for expedited discovery in order to properly and promptly prepare for a hearing on its Motion for Preliminary Injunction.

7. Under Federal Rule of Civil Procedure 26(d), this Court has the authority to enter an order permitting expedited discovery. Fed. R. Civ. P. 26(d).

8. A request for a preliminary injunction is a type of situation that may warrant expedited discovery. *See, e.g.*, *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, 2011 WL 130098 (S.D. Ind. Jan. 14, 2011) (unpublished) (noting that pending request for a preliminary injunction "typically satisfies [the] good cause standard" applied to requests for expedited discovery); *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007) (identifying preliminary injunction requests and motions challenging personal jurisdiction as "examples of situations which may warrant expedited discovery"). The Advisory Committee Comments to Rule 26 explicitly recognize that expedited discovery may be appropriate in cases involving a request for a preliminary injunction. Fed. R. Civ. P. 26 Advisory Committee's note ("Discovery can begin earlier . . . in some cases, such as those involving requests for a preliminary injunction."). And this very District Court approved a similar motion in a previous case with nearly-identical facts. *See Zimmer, Inc. v. Cody Stovall*, No 3:14-cv-00152-JD-CAN, Docket Entry 19, dated February 11, 2014, a true and accurate copy of which is attached to this Motion as Exhibit 1.

9. Zimmer Biomet seeks to conduct certain, narrowly-tailored, expedited discovery in order to discover the extent of Defendant's wrongful activities and to facilitate the expeditious, complete, and succinct presentation of the underlying facts of this case to the Court.

10. Should Zimmer Biomet be required to wait to conduct discovery in the normal course of the proceedings, it will be forced to present its Motion for Preliminary Injunction to the Court on an incomplete record, and Zimmer Biomet will continue to suffer irreparable injury while discovery proceeds in the slower, ordinary course. By allowing expedited discovery, the Court will be in a better position to consider the underlying facts and evidence to support the Motion for Preliminary Injunction.

11.     The narrowly-tailored, expedited discovery Zimmer Biomet seeks simply requires Defendant to produce certain documents and things, and to answer limited and specific interrogatories. Additionally, Zimmer Biomet seeks to depose Land and certain non-party Keystone representatives/employees. Zimmer Biomet stands fully prepared to issue discovery requests upon the entry of an Order from this Court granting this Motion; copies of Zimmer Biomet's proposed written discovery to Land is attached hereto as <u>Exhibit 2</u>.

12.     Zimmer Biomet anticipates that Land will want to also conduct limited discovery in advance of any hearing, which Zimmer Biomet has proposed in its requested relief, and Zimmer Biomet is willing to provide reciprocal, limited, expedited discovery to Land, if requested.

13.     Based on this showing of good cause, Zimmer Biomet requests that this Court enter an Order requiring the parties to serve their limited written discovery requests on one another on or before April 15, 2016; requiring the parties to respond to such discovery on or before May 23, 2016; and requiring Land's witnesses to appear for deposition the week of May 23, 2016, and no later than May 27, 2016.

14.     Zimmer Biomet further seeks an Order requiring the parties to preserve all evidence in their possession relevant to the facts and circumstances alleged in the Complaint. In order to allow the Court to effectively and completely evaluate the evidence relevant to this matter, Zimmer Biomet respectfully requests an Order preserving all evidence relevant to the determination of its Motion for Preliminary Injunction. This includes, but is not limited to, documents, computer files, hard drive data, electronic mail messages, contracts, invoices, telephone logs, and Land's personal e-mails, text messages, and related records.

15. An Order preserving evidence will not prejudice Land and will ensure that the Court has all the relevant information before it as it considers Zimmer Biomet's claims and request for a preliminary injunction.

16. Zimmer Biomet's limited written discovery requests are limited to the discovery necessary to conduct the hearing on its Motion for Preliminary Injunction. Consequently, Zimmer Biomet intends to serve additional discovery requests on Land consistent with the Federal Rules of Civil Procedure, and reminds Land of her duty to preserve all evidence in her control. *Trask-Morton v. Motel 6 Operating, L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (noting the affirmative duty to preserve evidence attaches once a party knows or should know that litigation is imminent).

WHEREFORE, Plaintiffs, Biomet 3i, LLC and Zimmer US, Inc., respectfully request the Court enter an Order:

1. Requiring the parties to serve their respective, limited written discovery requests on one another on or before April 15, 2016.

2. Requiring the parties to respond to the requested, limited written discovery on or before May 23, 2016;

3. Requiring Defendant Land to appear for deposition the week of May 23, 2016, and no later than May 27, 2016;

4. Requiring the parties to preserve all evidence, including, but not limited to, documents, computer files, hard drive data, electronic mail messages, contracts, invoices, telephone logs, Land's personal e-mails, text messages, and related records, and any other evidence relevant to the facts and circumstances alleged in Zimmer Biomet's Complaint for Preliminary Injunction, Permanent Injunction and Damages;

5. Setting an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, to be conducted over the course of two days, as soon as possible after discovery is complete; and

6. For all other relief just and proper relief.

QUARLES & BRADY LLP

By: /s/ *Joshua B. Fleming*
Joshua B. Fleming, #25954-29
Lucy R. Dollens, # 23547-49
Michael A. Rogers, #28038-29
Hunter G. DeKoninck, #32563-49
*Attorneys for Plaintiffs Biomet 3i, LLC and Zimmer US, Inc.*

QUARLES & BRADY LLP
135 North Pennsylvania Street
BMO Building Suite 2400
Indianapolis, IN 46204
Phone: 317-957-5000
Fax: 317-957-5010
josh.fleming@quarles.com
lucy.dollens@quarles.com
michael.rogers@quarles.com
hunter.dekoninck@quarles.com

QB\990327.00254\39380456.2