UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIMMER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-CV-152 JD |
| ) | |
| STRYKER CORPORATION; ) | |
| STRYKER ORTHOPAEDICS; and ) | |
| CODY STOVALL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case arises out of the departure of one of Zimmer, Inc.'s salespeople for a position with one of its primary competitors. Zimmer filed a complaint in this matter on January 29, 2014, seeking injunctive relief and damages against Cody Stovall, one of its former employees, and Stryker Corporation and Stryker Orthopaedics (collectively "Stryker"), who hired Mr. Stovall away from Zimmer. [DE 1]. Zimmer simultaneously filed a motion for preliminary injunction, seeking to enforce a restrictive covenant by enjoining Mr. Stovall from working for Stryker. [DE 7]. Zimmer has also moved for leave to conduct expedited discovery in advance of the evidentiary hearing on its motion for preliminary injunction, and it subsequently moved for a status conference on its request for expedited discovery or for entry of its proposed expedited discovery schedule. [DE 8, 12]. The Defendants have each been served and have filed their appearances in this matter, and the motion for expedited discovery is now ripe. [DE 10, 13–15]. For the following reasons, Zimmer's motion for expedited discovery is GRANTED in part and DENIED in part.

Zimmer's request for expedited discovery is governed by Federal Rule of Civil Procedure 26(d), under which a party generally may not seek discovery from any source until the parties

**EXHIBIT 1**

have conducted their Rule 26(f) discovery planning conference. Fed. R. Civ. P. 26(d); *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. 2011). This general rule can be altered by Court order, however. Fed. R. Civ. P. 26(d). A party seeking expedited discovery prior to a Rule 26(f) planning conference must establish good cause for its request, which will often be satisfied by a pending request for a preliminary injunction. *Id.*; *Roche*, 2011 WL 130098, at *3; *See* Fed. R. Civ. P. 26 advisory committee's note (stating that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"). Ultimately, however, "deciding whether to permit expedited discovery and the scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." *Roche*, 2011 WL 130098, at *3 (collecting cases); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (noting that factors a court may consider in making this determination include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made").

Zimmer has requested an order requiring the parties to: (1) serve written discovery no later than February 12, 2014; (2) respond to such discovery no later than March 3, 2014; (3) appear for depositions the week of March 10, 2014; and (4) preserve all relevant evidence. The Court believes that a limited amount of expedited discovery is appropriate here. Zimmer has promptly moved for a preliminary injunction, and permitting the parties to conduct expedited discovery in advance of the evidentiary hearing on that motion will permit the parties to more

2

fully develop their arguments and will assist the Court in fairly adjudicating the issues before it. In opposing expedited discovery, Defendants first argue against the merits of Zimmer's entitlement to injunctive relief, arguing that Zimmer's claims are too speculative to justify expedited discovery. The Court disagrees. Zimmer has alleged that Mr. Stovall joined Stryker with the specific purpose of engaging in activities that would violate his restrictive covenants with Zimmer by continuing to call on his Zimmer clients and transferring their business to Stryker, either directly or by assisting other Stryker salespeople. Zimmer has supported those allegations with several affidavits describing admissions to that effect by the defendants, which distinguishes this case from the purely speculative allegations at issue in *Share Corp. v. Momar, Inc.*, No. 10-CV-109, 2010 WL 724321 (E.D. Wisc. Feb. 26, 2010), upon which defendants rely.

Defendants devote the remainder of their opposition to Zimmer's motion to the scope of its discovery requests, and the Court agrees with the Defendants' characterization of Zimmer's discovery as rather broad. Zimmer seeks to propound 13 interrogatories and 23 requests for production of documents on Stryker, and 15 interrogatories and 14 requests for production of documents on Mr. Stovall. Because expedited discovery is appropriate here, however, the Court will address this by limiting certain of these requests, as discussed below, and by allowing Defendants the full amount of time in which to respond to the requests.

First, certain of Zimmer's requests are essentially geared towards learning potential sources of discoverable information. For example, Zimmer has requested that Stryker identify all electronic devices that it has issued to Mr. Stovall, and the Stryker employee responsible for maintaining those devices, for example. [DE 8-1, Stryker Irogs. 1, 2]. While Zimmer is correct that these are discoverable subjects, Fed. R. Civ. P. 26(b)(1) (permitting discovery into the "location of any documents or other tangible things and the identity and location of persons who

3

know of any discoverable matter"), requests such as these that would require follow-up rounds of discovery to produce pertinent information are ill-suited to expedited discovery, and can be adequately dealt with through discovery in its normal course. Further, Zimmer intends on deposing Mr. Stovall, so to the extent it believes these matters will bear on the preliminary injunction, it can inquire into these facts at that time. Therefore, the Court will not require the defendants to respond to Interrogatories 1 and 2 to Stryker or Interrogatories 6 and 7 to Mr. Stovall as part of this expedited discovery.

Zimmer has also sought expedited discovery on a number of topics not related directly to Mr. Stovall. For example, it asks Stryker to identify all Zimmer employees that it has communicated with regarding employment with Stryker in Texas since August 1, 2013; to identify all surgeons and medical facilities in the pertinent geographic areas to whom it has sold the product Mr. Stovall will be selling; and, to describe in detail how and why a Stryker representative allegedly misappropriated Zimmer instruments in a particular surgery. [DE 8-1, Stryker Irogs. 4, 11–13]. These requests, though perhaps relevant to the action as a whole, stray beyond the scope of matters likely to bear on the resolution of Zimmer's motion for a preliminary injunction, so the Court will not require Stryker to respond to Interrogatories 4 and 11–13 as part of this expedited discovery.[1]

The remainder of Zimmer's discovery requests are appropriate for expedited discovery, however. Defendants object to a number of requests pertaining to Mr. Stovall's compensation with Stryker, but Mr. Stovall's compensation is relevant to his role with Stryker and is an appropriate subject for expedited discovery. Defendants also object to a number of requests

---

[1] Interrogatory 15 to Mr. Stovall, which also seeks information about the alleged misappropriation of Zimmer's instruments, is appropriate, however, since it specifically inquires into Mr. Stovall's personal involvement in the incident, which bears on Mr. Stovall's duties with Stryker.

4

regarding Stryker's recruitment of Mr. Stovall, but these requests are also likely to shed light on the nature and scope of his new position with Stryker, so they are appropriate for expedited discovery as well. Due to the extensive nature of this discovery, however, the Court denies Zimmer's request to deem the discovery served as of January 30, 2014, when they were first served on the Defendants. The Defendants had no obligation to respond to the discovery at that time, and requiring the Defendants to respond to this discovery within the three weeks remaining in that time frame would be unduly burdensome. Accordingly, the Court will deem the discovery served by personal service as of today's date, and the Defendants may respond within the deadlines set forth in the Federal Rules for Civil Procedure. Defendants are also granted leave to serve discovery, for these limited purposes, within 7 days of today's date, with Zimmer's responses due within 30 days of today's date.[2]

Zimmer has also requested that this Court order the Defendants, including Mr. Stovall and other unidentified "Stryker[] witnesses," to appear for depositions the week of March 10, 2014. The Defendants did not respond to this request. Consistent with Federal Rule of Civil Procedure 30(a)(2), the Court grants the parties leave to conduct depositions for these limited purposes prior to their Rule 26(f) planning conference. However, given the lack of specificity of Zimmer's request and the Court's modification of Zimmer's requested deadlines for written discovery, the Court declines to set a precise timeframe for those depositions. Rather, the Court expects the parties to confer in good faith to schedule any appropriate depositions in advance of the evidentiary hearing.

---

[2] The parties remain free to raise any proper objections to any discovery requests, and if necessary, to raise any disputes with the magistrate after conferring and attempting to resolve the dispute as required by Rule 37 and Local Rule 37-1. However, the Court fully expects both parties to engage in this expedited discovery in good faith, and any attempts to delay or interfere with this discovery or the timely resolution of Zimmer's motion for a preliminary injunction may be met with sanctions, as appropriate.

5

Finally, Zimmer has sought an order requiring the parties to preserve all relevant evidence in their possession. "A motion to preserve evidence is an injunctive remedy and should be issued only upon an adequate showing that equitable relief is warranted." *Haraburda v. Arcelor Mittal USA, Inc.*, No 2:11-cv-93, 2011 WL 2600756, at *2 (N.D. Ind. June 28, 2011) (internal alterations omitted). However, Zimmer has not suggested that there is any danger of relevant evidence being destroyed such as would justify equitable relief. Although the parties are certainly obligated to preserve all relevant evidence in their control, that obligation is triggered without the need for a court order. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (noting that the affirmative duty to preserve attaches once a party knows or should know that litigation is imminent). It is therefore unnecessary for the Court to order the parties to comply with those obligations at this time, so Zimmer's request is denied.

To summarize, Zimmer's motion for expedited discovery [DE 8] is GRANTED in part and DENIED in part. Zimmer's discovery shall be deemed served as of today's date, and Defendants shall respond to that discovery, except as stated in this order, within the timeframe set by the Federal Rules of Civil Procedure. Defendants may also propound expedited discovery for these limited purposes within 7 days of today's date, with Zimmer's responses due within 30 days of today's date. The parties have leave to conduct depositions as appropriate at mutually agreeable times and locations in advance of the evidentiary hearing on Zimmer's motion for a preliminary injunction. The Court will contact the parties in order to set a date for the evidentiary hearing. Zimmer's request for a status conference or entry of an order on its motion for expedited discovery [DE 12] is accordingly GRANTED.

SO ORDERED.

ENTERED: February 11, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court