# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| BIOMET 3i, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00125-TLS-SLC |
| | ) | |
| HEATHER LAND, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion for entry of a stipulated protective order of confidentiality, filed jointly by the parties, who seek approval and entry of a proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 28). Because the proposed order is inadequate in several ways, the joint motion will be DENIED with leave to refile.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it allows a party to designate material confidential if it is "non-public confidential or proprietary technical, scientific, financial, business, health, or medical

information designated as such by the producing party." (DE 28-1 ¶ 2(a)). The term "'[n]on-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248. Additionally, the proposed protective order permits a designation of confidential for attorneys' eyes only for "(1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information; (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers; (3) competitive technical information, including technical analyses or comparisons of competitor's productions; (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning; or (5) any other similar [protected information] the disclosure of which to non-qualified people subject to this Stipulated Protective Order the producing party reasonably and in good faith believes would likely cause harm." (DE 28-1 ¶ 2(b)). The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid.[1] *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"If the parties seek non-trade secret protection for any . . . information, they must present

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). *See also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings, it requires a higher level of scrutiny.

reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

In addition, paragraph 2(b) of the proposed order enables a party to designate information as confidential for attorneys' eyes only provided it "reasonably and in good faith believes" that disclosure of the information to non-qualified persons "would likely cause harm." (DE 28-1 ¶ 2(b)). But this is a "fudge" phrase that compounds the vagueness of the proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard*, 2003 WL 1702256, at *1 (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

The next problem in the proposed order is paragraph 7(c)'s statement that the filing of any confidential information with the Court "shall be filed in sealed envelopes, pursuant to applicable Court rules and procedures." (DE 28-1 ¶ 7(c)). Local Rule 5-3(c)(1) states, "[t]o file a sealed document . . . in a civil case, a party must file it electronically as required by the

*CM/ECF User Manual*." N.D. Ind. L.R. 5-3(c)(1). Thus, the local rules expressly require sealed documents to be filed electronically. The parties shall not file confidential information with the Court in sealed envelopes, which would be in contravention of the local rules, without express permission from the Court. *See* N.D. Ind. L.R. 1-1(c).

In addition, two paragraphs in the proposed order permit modification of the order by the parties without approval by the Court. Paragraph 4(h) of the proposed order states that "[a]s it relates to any particular [protected information], the parties may modify these procedures (including timelines) for designating documents or information. [S]uch modification must be by agreement and either in writing or on the record at a hearing or deposition." (DE 28-1 ¶ 4(h)). Paragraph 17 also states that "[t]his Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation *or* Order of the Court." (DE 28-1 ¶ 17 (emphasis added)). The terms of the protective order cannot be modified without the Court's approval. Any modifications to the terms of the protective order are subject to the same requirements for the Court's initial approval and entry of a protective order, specifically that good cause exists and that the various safeguards required by the Seventh Circuit are met. *See Shepard*, 2003 WL 1702256, at *2 (emphasizing that a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders").

Another problem arises in paragraph 16 of the proposed protective order, which states that "[a]fter the termination of this action, the Court will continue to have jurisdiction to enforce this Order." (DE 28-1 ¶ 16). The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's*

*Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Another problem with the proposed order is that the parties' process for the return and destruction of confidential information does not provide an exception for the Court. Paragraph 13 describes the process, which requires that "[a]t the conclusion of this action, including through all appeals, each party or other person subject to the terms thereof shall be under an obligation to destroy or return to the producing party all materials and documents containing [confidential information] and to certify to the producing party such destruction or return." (DE 28-1 ¶ 13(a)). While the proposed order permits trial counsel for each party to retain one archive copy of the confidential information in the case, the proposed order does not permit any exception for the Court. The Court does not return any documents that have been made part of the record.

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. While the joint motion for entry of the proposed protective order states that "the Stipulated Protective Order does not restrict (and in fact expressly permits) any party or interested member of the public to challenge any information designated as confidential under the Stipulated Protective Order" (DE 28 ¶ 4), the proposed order itself does not contain language permitting interested members of the public to challenge the secreting of particular documents. In sum, "the public at large pays for the

courts and therefore has an interest in what goes on at all stages of a judicial proceeding."

*Cincinnati Ins. Co.*, 178 F.3d at 945.

For these reasons, the parties' joint motion for entry of the stipulated protective order (DE 28) is DENIED with leave to refile. The parties may submit a joint motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 3rd day of June 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge