# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **BIOMET 3i, LLC,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:16-cv-00125-TLS-SLC |
| ) | |
| **HEATHER LAND,** ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a second motion for entry of a stipulated protective order of confidentiality, filed jointly by the parties, who seek approval and entry of a proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 48). Because the proposed order is inadequate in several ways, the joint motion will be DENIED with leave to refile.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). As noted in a previous Order (DE 32), a protective order only extends to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same).

Here the parties' second proposed order still fails to set forth narrow, demarcated categories of legitimately confidential information. It allows a party to designate material

confidential if it is "confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party, the disclosure of which would cause serious injury or damage to the producing party." (DE 48 ¶ 2(a)). A party must do more than state that the disclosure will cause harm to the producing party, the party must explain how. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). Additionally, these categories are still insufficiently specific, as any document could likely be categorized as either technical, scientific, financial, business, health, or medical information. *See id.* at 547-48 (emphasizing "the need for detailed analysis" and requiring that any motion for protection of documents via sealing "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations"); *see also Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation . . . ." *Cook, Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive injury*—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248.

The next problem in the proposed order is paragraph 4(f), which provides that at a hearing or trial, a party shall designate confidential information "by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the

2

transcript appropriately." (DE 48 ¶ 7(f)). While it is permissible for the parties to *request* that the Court keep such matters introduced at a hearing or at trial under seal, the parties should be aware that the Court will not automatically permit the sealing of confidential documents introduced as evidence or automatically permit sealing or redaction of the transcript for testimony referencing confidential information. Documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc.*, 297 F.3d at 547. "[V]ery few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Id.* at 546. While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation they must be revealed." *Id.* Thus, the Court will carefully review any documents or testimony presented at a hearing or at trial before agreeing to keep such information from public inspection.

One last problem arises in paragraph 7(c)'s statement that documents which "contain" any confidential information shall be filed electronically under seal in accordance with Local Rule 5-3(c)(1). (DE 48 ¶ 7(c)). The problem here is that the proposed order allows documents that "contain" confidential information to be filed entirely under seal, rather than solely protecting the actual confidential information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

For these reasons, the parties' joint motion for entry of the stipulated protective order (DE 48) is DENIED with leave to refile. The parties may submit a joint motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 15th day of July 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge