**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **BIOMET 3i, LLC,** *et al.*,         ) | |
|         ) | |
|     **Plaintiffs,**       ) | |
|         ) | |
| **v.**         ) | **No. 1:16-cv-00125-TLS-SLC** |
|         ) | |
| **HEATHER LAND,**       ) | |
|         ) | |
|     **Defendant.**       ) | |

## OPINION AND ORDER

Before the Court is a motion for leave to amend filed by Plaintiffs Biomet 3i, LLC, and

Zimmer US, Inc. (together "Zimmer Biomet"), who seek leave to file a first amended complaint.

(DE 77). Defendant Heather Land has filed a response in opposition to the motion (DE 87), and

Zimmer Biomet has filed a reply brief in support of its motion (DE 89). The motion is now ripe

for ruling.

## I. BACKGROUND

This case arose out of an employment relationship between Land and Zimmer Biomet,

after Land left her job with Zimmer Biomet to take a position with a competitor, Keystone

Dental. The factual background of this case has been explained by the Court several times

previously (DE 83, DE 85), and need not be repeated again here. Zimmer Biomet's original

complaint alleged claims against Land for breach of contract, tortious interference with business

relationships, and unfair competition. (DE 1). Zimmer Biomet sought a preliminary injunction

and a permanent injunction against Land, as well as recovery of damages. (DE 1). The

undersigned held an evidentiary hearing on Zimmer Biomet's motion for preliminary injunction

on July 11-12, 2016 (DE 49, DE 50), after the motion for preliminary injunction was referred

from the District Judge (DE 25). The undersigned issued a Report and Recommendation to the District Judge (DE 85), recommending that Zimmer Biomet's motion for preliminary injunction be granted. Land filed objections to the Report and Recommendation (DE 88), which remains pending before the District Judge at this time.

Currently, only a limited period of discovery has been conducted for purposes of the preliminary injunction hearing. (DE 24). Other case deadlines have not yet been set, as the parties have not filed a report of parties' planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court has not yet conducted a preliminary pretrial conference. Thus, there is no deadline for amendments to the pleadings. At a telephonic hearing on January 12, 2017, the Court discussed the need to schedule a preliminary pretrial conference, and the Court granted Land an extension of time to file her answer to Zimmer Biomet's complaint until 14 days following the Court's ruling on Zimmer Biomet's motion to amend. (DE 86).

## II. LEGAL STANDARD

"The decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted). However, "[t]he court 'should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182.

## III. ANALYSIS

Zimmer Biomet is seeking to amend its complaint in order to add Keystone Dental as a Defendant. It also seeks to add claims against both Land and Keystone Dental under the Defend Trade Secrets Act (DTSA) and Indiana's Uniform Trade Secrets Act (IUTSA).[1]

Rule 15's "liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D. Ill. 2016) (quoting *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000)); *see also Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961) ("The Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings."). As previously discussed, reasons for denying a motion to amend, despite the liberal standard, include undue delay, undue prejudice, and futility. *Soltys*, 520 F.3d

---

[1] This Court has subject matter jurisdiction over Zimmer Biomet's original complaint pursuant to 28 U.S.C. § 1332(a), as it alleged that Land was a citizen of Washington state (DE 1 ¶ 7), that Zimmer US, Inc., is a Delaware corporation with its principal place of business in Indiana (DE 1 ¶ 2), and that the sole member of Biomet 3i, LLC, was Implant Innovations Holdings, LLC, whose sole member is Biomet, Inc., which is incorporated in Indiana and has its principal place of business in Indiana (DE 1 ¶ 6). Thus, Zimmer Biomet's original complaint alleged that complete diversity of citizenship existed between the parties, and represented that the amount in controversy exceeded $75,000. (DE 1 ¶¶ 8, 10). The proposed amended complaint would add Keystone Dental as a defendant, and alleges that Keystone Dental is a Delaware corporation with its principal place of business in Massachusetts. (DE 77-1 ¶ 8). The citizenships of Land, Biomet 3i, LLC, and Zimmer US, Inc., remain the same in the proposed amended complaint. (DE 77-1 ¶¶ 2, 6, 7). The joinder of Keystone Dental as a defendant in the proposed amended complaint would destroy diversity jurisdiction because both Keystone Dental and Zimmer US, Inc., are incorporated in Delaware. Because the proposed amended complaint also adds claims under the DTSA, however, the Court now has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (DE 77-1 ¶ 11). The Court has supplemental jurisdiction over the state law claims asserted by Zimmer Biomet against Land and Keystone, pursuant to 28 U.S.C. § 1367(a). (DE 77-1 ¶ 11). Thus, subject matter jurisdiction remains in this Court.

at 743; *Foman*, 371 U.S. at 182. Here, Land does not argue that Zimmer Biomet's proposed amended complaint would be futile; rather, she takes the position that Zimmer Biomet should not be permitted to amend its complaint because it has not provided justification for its delay in moving to amend, and because she would be unfairly prejudiced by the amendments. The Court will discuss each of these matters in turn.

## A. Undue Delay

Land argues that permitting Zimmer Biomet to amend its complaint would not be in the interests of justice because doing so would condone Zimmer Biomet's lack of diligence, as Land contends that Zimmer Biomet has failed to offer any "true legal or factual justification for the delay." (DE 87 at 1). Zimmer Biomet contends that it could not have filed its claims under the DTSA at the time it filed its initial complaint because the DTSA did not go into effect until May 11, 2016, after the initial complaint had been filed. Land argues that Zimmer Biomet should have filed its complaint earlier, since it should have been aware of its claims under the DTSA since it went into effect on May 11, 2016, seven months before moving to amend. Because there has been no "recent development in the law," Land contends that there is no legal development to justify Zimmer Biomet's delay in moving to amend. (DE 87 at 1-2). Additionally, Land argues that there are no recent factual developments to justify Zimmer Biomet's delay, as Zimmer Biomet has known of Land's employment with Keystone Dental since prior to filing its original complaint. Land contends that the discovery of the flash drive does not justify Zimmer Biomet's delay, as Zimmer Biomet has been aware of the flash drive and its contents for many months prior to its motion to amend. Land further argues that Zimmer Biomet's assertion that Land has continued to solicit and contact Zimmer Biomet customers and use and disclose Zimmer Biomet

information is unsupported by any specifics regarding these supposed violations. Thus, Land

contends that "given the lengthy passage of time, justice requires [Zimmer Biomet] to do more

than mouth conclusions to justify the extreme delay in moving to amend the complaint." (DE 87

at 3).

Undue delay alone is generally insufficient grounds to deny leave to amend. *Airborne

Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "the

longer the delay, the greater the presumption against granting leave to amend." *Soltys*, 520 F.3d

at 743. "Generally, undue delay occurs when a motion to amend would 'transform' or prolong

the litigation unnecessarily." *Thomas & Betts Corp. v. Panduit Corp.*, No. 93C4017, 1999 WL

92894, at *2 (N.D. Ill. Feb. 17, 1999) (citing *Eckstein v. Balcor Film Inv'rs*, 58 F.3d 1162, 1170

(7th Cir. 1995)); *see also Maxwell v. South Bend Work Release Ctr.*, No. 3:09-CV-008-PPS,

2010 WL 3239319, at *2 (N.D. Ind. Aug. 13, 2010). Courts consider the following factors when

determining whether undue delay has occurred: "the similarity of the factual basis for the claims

in the original complaint to the proposed new claims, the movant's explanation for waiting to

raise the new claims, whether the movant is attempting to introduce a new theory of the case, and

whether granting the motion to amend will require new or duplicated discovery efforts."

*Maxwell*, 2010 WL 3239319, at *2. The Seventh Circuit has "uniformly" found "that a

plaintiff's [motion seeking] leave to amend, when filed after discovery has been closed and after

a defendant's motion for summary judgment has been filed, is considered unduly delayed and

prejudicial." *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995).

Here, Zimmer Biomet's proposed new claims arise out of the same factual basis as the

claims in the original complaint, that being Land's decision to leave her employment with

Zimmer Biomet and begin working for Keystone Dental.  The reasons that Zimmer Biomet has provided for its decision to now file a motion to amend are:  (1) that it discovered new information during the discovery leading up to—and the testimony during—the preliminary injunction hearing, and (2) that the law under which Zimmer Biomet seeks to bring a new claim, the DTSA, was not in effect at the time the original complaint was filed.  These are acceptable, logical reasons to seek to amend a complaint to add new claims and a new party, and these reasons also explain why Zimmer Biomet is moving to amend at this time.  While Zimmer Biomet's proposed amended complaint includes new claims brought under different statutory authority than the claims in its original complaint, the new claims do not involve any new theory of the case; Zimmer Biomet is still seeking injunctive relief and damages relating to Land's employment with a competitor, which it contends is in violation of a non-competition, non-disclosure, and non-solicitation agreement signed by Land.  Granting the motion to amend would not require any new or duplicative discovery efforts, as regular discovery in this case has not yet begun.  As a result, I find that there is no undue delay.

### B.  Undue Prejudice

"The amount of prejudice to the nonmovant is a 'significant factor' in determining whether to grant leave to amend, and it is often considered together with undue delay."  *Maxwell*, 2010 WL 3239319, at *3 (quoting *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004)).  "Courts have found undue prejudice where an amended pleading would require the nonmovant to engage in substantial discovery, or where the moving party seeks to introduce a new legal theory that would require discovery to be reopened."  *Id.* (citations omitted).

As discussed above, regular discovery has not yet begun in this case.  The parties have

conducted only a limited period of discovery for purposes of the preliminary injunction hearing. Indeed, the Court has not yet held a Rule 16 preliminary pretrial conference and has not yet entered a scheduling order in this case. A deadline for amendments to the pleadings has not yet been set. Land has not even filed her answer to the original complaint. This case is at such an early stage that it is difficult to conceive how Land could be prejudiced by the filing of Zimmer Biomet's amended claims.

Land argues that she will be prejudiced due to the increased discovery, and increased cost, required due to the statutory claims Zimmer Biomet seeks to add. However, Zimmer Biomet's new claims arise out of the exact same factual basis as its original claims; it is likely that any discovery related to the new statutory claims would have already been discoverable for the original claims.

Additionally, Land claims she will be prejudiced by the new claims because her "risk of loss" will be increased due to the monetary awards available under the statutes, which she contends would have caused her to reconsider her settlement position before she underwent the expense and time required to defend the litigation until this point. (DE 87 at 3). The fact that Land's risk of loss will increase due to the addition of the new claims is not prejudicial to Land for purposes of considering a motion to amend. As a matter of course, the addition of new claims in any amended complaint will increase the risk of loss to the defendant; if this were considered prejudice sufficient to deny a motion to amend, leave to amend would be exceedingly difficult to obtain. Instead, there is a liberal attitude regarding motions to amend; "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Furthermore, Land still has the opportunity to settle this case, if she has reconsidered her position

regarding settlement.

Land's last argument that she will be prejudiced by Zimmer Biomet's amended complaint is that her defense strategy may have been different during the pendency of this action to this point if these new claims had been included in the original complaint. Land does not explain how her defense strategy would have been different, and the Court is unpersuaded by her conclusory statement regarding what "might have been."

Land also argues that Keystone Dental would be "obvious[ly]" prejudiced if it were added as a defendant to this action, "given that Land has been deposed and has responded to written discovery, and that a two-day evidentiary hearing has been conducted on the facts underlying the claims Plaintiffs wish now to assert against Keystone." (DE 87 at 3). There is no doubt that Keystone Dental will be "prejudiced," in that it will have to defend itself in this lawsuit. But merely being required to defend against a lawsuit in which it has been named as a party defendant is not the type of prejudice that would justify denying a motion to amend. Otherwise, the adding of new defendants would never be permissible. Furthermore, Keystone Dental has been aware of, and apparently involved in, this lawsuit since before it was filed. (*See* DE 36-6 (an email from Steve Wright, Keystone Dental's Vice President of Sales, to Land stating that Keystone Dental's lawyer said that Land's non-compete agreement would not hold up in court); DE 1-4 (a letter from Steven Weatherhead to counsel for Zimmer Biomet stating that he represented Keystone Dental and Land regarding Land's former employment with Zimmer Biomet)). Regular discovery has not yet begun in this case, and no deadlines have been set. The addition of Keystone Dental as a defendant in this case, at this stage of the proceedings, would not prejudice Keystone Dental any more than it would have been "prejudiced" if it had been

named as a defendant in a brand new case.

I therefore find that there is no undue prejudice caused to Land—or Keystone Dental—by Zimmer Biomet's proposed amended complaint.

### IV. CONCLUSION

Accordingly, Zimmer Biomet's motion to amend (DE 77) is GRANTED. The Clerk is DIRECTED to show Zimmer Biomet's amended complaint and its exhibits as filed (DE 77-1, DE 77-2, DE 77-3, DE 77-4, DE 77-5).

SO ORDERED.

Entered this 8th day of February 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge