UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BIOMET 3i, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-125-TLS |
| | ) | |
| HEATHER LAND, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On May 10, 2016, this Court referred the Defendant's Combined Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, to Dismiss Pursuant to Rules 12(b)(6) and 12(d) [ECF No. 19] (the "Combined Motion") to Magistrate Judge Susan Collins for review, to conduct any and all necessary evidentiary hearings, and to issue a report and recommendation that includes proposed findings of fact and recommendations for the disposition of the Plaintiff's Motion.

On January 10, 2017, the Magistrate Judge issued a Report and Recommendation [ECF No. 83] that this the Court deny the Defendant's Combined Motion. For the motion to transfer, the Magistrate Judge recommended that venue is proper in Indiana because the forum-selection clause in the parties 2015 Agreement is valid and enforceable. As for the motion to dismiss pursuant to Rule 12(b)(6), the Magistrate Judge found that the Plaintiffs' claims for breach of contract, tortious interference with business relationships, and unfair competition because the Plaintiffs adequately pleaded their Complaint [ECF No. 1]. And the Magistrate Judge also recommended denial of the Rule 12(d) motion because there was still a genuine dispute of material fact between the parties.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1). Furthermore, Rule 72(b) also directs that the Court must only make a de novo determination of those portions of the magistrate judge's report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a magistrate judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Magistrate Judge set forth the facts under the appropriate standard of review and provided a thorough explanation for determinations made therein. No party has objected to those findings. Having reviewed the Report and Recommendation [ECF No. 83] and finding no clear error, the Court ADOPTS it in its entirety and incorporates the Magistrate Judge's recommendations into this Order. Accordingly, the Court now DENIES the Defendant's Combined Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, to Dismiss Pursuant to Rules 12(b)(6) and 12(d) [ECF No. 19].

SO ORDERED on February 27, 2017

                                            s/ Theresa L. Springmann  
                                            CHIEF JUDGE THERESA L. SPRINGMANN  
                                            UNITED STATES DISTRICT COURT